IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  19-CR-160-A

BRITTANY DELLAHOY,

Defendant.



**PLEA AGREEMENT**

The defendant, BRITTANY DELLAHOY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 21, United States Code, Section 856(a)(1) (maintaining a drug-involved premises), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $500,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant permanently or temporarily maintained or opened or used the place described in the charge;

   b. The defendant maintained that place for the purpose of manufacturing or distributing any controlled substance; and

   c. The defendant acted knowingly.

### FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Beginning in or before January 23, 2019, the exact date being unknown, and continuing until on or about January 23, 2019, in the Western District of New York, the defendant, BRITTANY DELLAHOY, did knowingly, intentionally, and unlawfully use and maintain a place, that is, the 128 Main Street, East Randolph, New York, for the purpose of manufacturing and distributing methamphetamine, a Schedule II controlled substance.

    b. On January 23, 2019, at approximately 6:28 pm, the Southern Tier Regional Drug Task Force (STRDTF) and the Jamestown Police Department Narcotic Unit (JPDNU) executed a New York State search warrant at the defendant and Mark Maio's residence located at 128 Main Street, East Randolph, New York. During the execution of the search, the defendant, Maio, and Brandon Smith were present. Also present during the search were the defendant's parents as well as three of the defendant's children. At the time, the defendant's children were gathering items from the residence for a short stay at their grandparents' house. As officers initially executed the search, Smith attempted to leave the residence. Officers detained Smith and searched him pursuant to the search warrant. Officers recovered 58.62 grams of methamphetamine and 59.33 grams of marihuana from Smith. Officers also found that 34.22 grams of crack cocaine and $2,036 of US currency on Maio's person.

    c. Officers then initiated a search of the residence. During this search officers seized approximately 716.85 grams of methamphetamine, one digital scale, packaging material and drug paraphernalia, all located in the garage of the residence. A field test was conducted on the crystal methamphetamine with a positive result. The defendant admits the methamphetamine recovered was methamphetamine with a high purity and was intended for distribution.

    d. The defendant rented the residence at 128 Main Street, East Randolph, New York. The defendant agrees the residence was a stash house for methamphetamine intended for sale and personal use. The defendant admits that methamphetamine was distributed from the residence as well as at the residence.

    e. The Drug Enforcement Administration (DEA) Northeast Regional Drug Laboratory conducted an analysis of the substances recovered from the residence and from Smith and determined that the substances tested positive for methamphetamine. The aggregate weight for actual methamphetamine is approximately 680.8 grams.

    f. At least 500 grams but less than 1.5 kilograms of actual methamphetamine is the amount involved in the defendant's relevant conduct encompassed in the Information which could be readily proven by the government against the defendant.

### III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines §§ 2D1.8(a)(1), 2D1.1(a)(5)(ii), and 2D1.1(c)(3) apply to the offense of conviction and provide for a base offense level of **31**.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the two level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance).

   b. the two level decrease pursuant to Guidelines § 2D1.1(b)(18) (safety valve).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

9. The government and the defendant agree that the following adjustment to the base offense level does apply:

   a. The three level decrease of Guidelines § 3B1.2 (between minimal and minor role in the offense).

## ADJUSTED OFFENSE LEVEL

10. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **28**.

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of

4

responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **25**.

### CRIMINAL HISTORY CATEGORY

12. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that, with a total offense level of **25** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **57** to **71** months, a fine of **$20,000** to **$500,000**, and a period of supervised release of **1** to **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

14. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention

of the Court all information deemed relevant to a determination of the proper sentence in this action.

15. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

17. The defendant represents that she is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

19. At sentencing, the government will move to dismiss Criminal Complaint pending against the defendant under Magistrate's No. 19-mj-5008.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however,

knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, BRITTANY DELLAHOY, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
JOSHUA A. VIOLANTI
Assistant United States Attorney

Dated: August 23, 2019

I have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, Justin D. Ginter, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
BRITTANY DELLAHOY
Defendant

Dated: August 23, 2019

_____
JUSTIN D. GINTER, ESQ.
Attorney for the Defendant

Dated: August 23, 2019